IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE C. MCDONNELL and JERRY D. FREY,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, et al.<br><br>    Defendants. | No. CIV S- 12-0096 KJM EFB<br><br><br><br><br>ORDER |

Currently pending before the court is a motion to dismiss filed by defendants Bank of America and Recontrust Company (collectively, defendants). The court submitted the matter on the papers and now GRANTS the motion to dismiss.

I. Background

On December 6, 2011, plaintiffs filed a complaint in Calaveras County Superior Court, alleging violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*; the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq*; the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691; and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, all stemming from the acquisition of and foreclosure on 5691 McCauley Road, Valley Springs, California. ECF No. 1-1.

Defendants removed the case to this court on January 12, 2012 and on January 25, 2012, filed the instant motion to dismiss. ECF No. 7. In their reply, plaintiffs acknowledged the shortcomings of their complaint but argued they should be given leave to amend so they could overcome the deficiencies of the claims as pleaded. ECF No. 10. Defendants did not file a reply.

II. Analysis

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court should look to whether the plaintiff has previously amended the complaint." *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

Defendants allege that they are not the proper defendants, as they were not involved with the origination of the loan and because Recontrust was merely the trustee under the Deed of Trust. They also argue that plantiffs' TILA, RESPA, and ECOA claims are time-barred. As noted, plaintiffs argue they will be able to tie the defendants to the loan origination and plead sufficient facts to show they may be entitled to equitable tolling.

Judicial resources are best preserved by allowing plaintiffs to amend the complaint to allege facts germane to a resolutions of the issues raised by the pleadings before the

court resolves defendants' motion.  Plaintiff's counsel is directed to review the defense motion to dismiss, and to meet and confer with defense counsel, before filing a second amended complaint. With any amended complaint, counsel shall file a one page certification that he has complied with this meet and confer directive.

Plaintiff is granted twenty-one days from the date of this order to file an amended complaint with the required certification. Defendants' motion is denied without prejudice.

IT IS SO ORDERED.

DATED: September 27, 2012.

_____
UNITED STATES DISTRICT JUDGE