IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE C. MCDONNELL and JERRY D. FREY, | ) ) ) |
| Plaintiffs, | ) No. 2:12-CV-0096 KJM EFB |
| v. | ) ) |
| BANK OF AMERICA, et al., | ) ORDER ) |
| Defendants. | ) ) |

Defendants Bank of America and Recontrust Company, joined by defendant Greentree Servicing, Inc. (collectively, defendants), have filed a motion to dismiss plaintiffs' First Amended Complaint (FAC). The court submitted the matter on the papers and now GRANTS the motion to dismiss.

I. BACKGROUND

On December 6, 2011, plaintiffs filed a complaint in Calaveras County Superior Court, alleging violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*; the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq*; the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691; and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, all stemming from the acquisition of and foreclosure on 5691 McCauley Road, Valley Springs, California. ECF No. 1-1.

1   Defendants removed the case to this court on January 12, 2012, and on January 25, 2012, filed the instant motion to dismiss. ECF No. 7. In their opposition, plaintiffs acknowledged the shortcomings of their complaint but argued they should be given leave to amend so they could overcome the deficiencies of the claims as pleaded. ECF No. 10. The court granted the motion, noting that the complaint failed to tie the defendants to the loan origination and failed to plead any basis for equitable tolling of the time barred claims. ECF No. 20.

Plaintiffs filed their First Amended Complaint on October 18, 2012. They allege that in March 2005, they entered into a loan with Countrywide Home Loans (Countrywide), Bank of America's predecessor, and "had no reason to question the loan's legality, as Plaintiffs assumed the Bank was regulated by the government." FAC, ECF No. 21 ¶¶ 2, 10. In 2007, they obtained a second loan, also with Countrywide, and "were under the belief that the lenders complied with the Trust [*sic*] in Lending Act, Real Estate Settlement Procedures Act, Equal Credit Opportunity Act, Fair Credit Reporting Act, and all the applicable regulations." ECF No. 21 ¶¶ 3-4. Plaintiffs "were ill-prepared for understanding the financial shortcomings of the original loan" and did not understand the problems with it until they had a "Forensic Mortgage Analysis Report" prepared for their loan, in June 2011. ECF No. 21 ¶¶ 6, 8. Defendant Recontrust recorded a Notice of Trustee's Sale, setting the sale for December 8, 2011. ECF No. 21 ¶ 5.

The FAC includes five causes of action, identified as: (1) TILA violation; (2) RESPA violation; (3) ECOA violation; (4) breach of contract; and (5) Injunction. ECF No. 21 ¶¶ 16-27.

Defendants Bank of America and Recontrust have filed a motion to dismiss, which defendant Greentree Servicing has joined. ECF Nos. 23, 25. Plaintiffs have filed an opposition and defendants have replied. ECF Nos. 27, 31.

/////

/////

## II. STANDARDS FOR A MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of

judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III. ANALYSIS

Defendants argue that plaintiffs have failed to link Countrywide's alleged violations to defendants, as the allegations that Bank of America is Countrywide's successor in interest is not sufficient to impose liability on them. They also argue that the TILA, RESPA and ECOA claims are time-barred and the complaint does not state a claim for breach of contract against Bank of America. The court need not determine whether Bank of America can be held liable for claims relating to Countrywide's handling of loans in this case, as it concludes that the statute of limitations has run on these claims.

A. TILA, RESPA, ECOA and the Statute of Limitations

Plaintiffs allege they did not receive the required Truth in Lending disclosures in a timely fashion, that the disclosures were not in a "reasonable, understandable form" and the percentage rate calculations were incorrect. ECF No. 21 ¶¶ 14-15. They also allege that they were not timely provided with the good-faith estimate required by RESPA, the loan failed to comply with 24 C.F.R. § 3500.7(a), and they did not timely receive notice of the transfer of the Note and Deed of Trust from Countrywide to Bank of America, in violation of 24 C.F.R. § 3500.21(d)(C)(d). Their claim under the ECOA is based on the lender's failure to provide notice of the disposition or status of the loan before closing and to give them a copy of the appraisal.

TILA and Regulation Z require a lender to calculate and disclose a number of terms of a loan agreement before the loan is consummated. 15 U.S.C. §§ 1601, *et seq.*; 12

/////

C.F.R. § 226.1, *et seq*.  Failure to do so allows a borrower to bring suit to rescind the loan and recover damages from the lender.  15 U.S.C. §§ 1635, 1640.

Title 15 U.S.C. § 1635(f) provides, in pertinent part: "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first . . . ."  15 U.S.C. § 1640(e) provides: "Any action under this section [creating a claim for damages] may be brought . . . within one year from the date of occurrence of the violation . . . ."  The Ninth Circuit has held that any failure to disclose as required by TILA occurs when the loan documents are signed.  *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  In this case, the loan documents were signed in 2005 and 2007.  (Compl. ¶ 21.)  The statute presumptively had run on plaintiffs' claims by 2008 as to the first Deed of Trust and 2010 as to the Second Deed of Trust.

RESPA requires a lender to provide "a good faith estimate of the amount or range of charges for specific settlement services," 12 U.S.C. § 2604(c), 24 C.F.R §3500.7(a), and to provide notice to the borrower when the loan servicer changes, 12 U.S.C. § 2605(b)(1), 24 C.F.R. §3500.21(d)(1)(I).  RESPA contains a one-year and a three-year statute of limitations, depending on the violation alleged.  *Kim v. BAC Home Loans Servicing, LP*, No. CV 10-00527, 2011 WL 2457660, at *6 (D. Haw. June 15, 2011).  Title 12 U.S.C. § 2614 provides that any violation of section 2605 must be brought within three years of the date of the occurrence, but does not discuss violations of section 2604.[1]  Whether the one- or three-year statute applies to a claim for failure to provide a good faith estimate, the claim arose with the origination of either the first or second loan and has now run.

The claim that defendants failed to give notice of the change in loan servicers is barred by RESPA's three-year statute of limitations.  Bank of America assumed Countrywide

---

[1] Courts have generally held that this section does not create a private right of action. *See, e.g., Labuanan v. U.S. Bank Nat'l Ass'n*, 773 F. Supp. 2d 900, 910 (D. Haw. 2011); *Lucero v. Diversified Inv. Inc.*, No. 09cv1742 BTM (BLM), 2010 WL 3463607, at *4 (S.D. Cal. Aug. 31, 2010)

Financial Corporation in July 2008. *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F. Supp. 2d 1216, 1221 (C.D. Cal. 2012); *Pendolino v. BAC Home Loans Servicing, LP*, No. 10 C 5916, 2011 WL 3022265, at *2 n.3 (N.D. Ill. July 22, 2011). Under Section 2605(b)(2)(A) & (B), the notice should have been provided, at the latest, by August 2008. The complaint, filed in December 2011, was not timely.

Under the Equal Credit Opportunity Act, a creditor shall notify an applicant thirty days after receiving an application "concerning the creditor's approval of, counteroffer to, or adverse action on the application," 15 U.S.C. § 1691(d)(1), 12 C.F.R. § 202.9(a)(1)(i), and "shall promptly furnish an applicant, upon written request by the applicant . . ., a copy of the appraisal report used in connection with the applicant's application for a loan . . . ." 15 U.S.C. § 1691(e); *Swartz v. City Mortg., Inc.*, __ F. Supp. 2d __, 2012 WL 5987571, at *16 (D. Haw. Nov. 28, 2012). At the time plaintiffs applied for the loans, in 2005 and 2007, the statute of limitations for violations of ECOA was two years, which also ran before plaintiffs filed their complaint. 15 U.S.C. § 1691e(f) (2007).[2]

Although the three-year right to rescind created by TILA is not subject to equitable tolling, the one-year limitation for TILA damage claims may be tolled. *See Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998); *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012). Equitable tolling also applies to RESPA and apparently to ECOA claims as well. *Blaylock v. First Am. Title Ins. Co.*, 504 F. Supp. 2d 1091, 1106-07 (W.D. Wa. 2007) (RESPA); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009) (ECOA).

"'When a complaint is otherwise time-barred on its face, the plaintiff must allege specific facts explaining the failure to learn the basis for the claim within the statutory period

---

[2] The statute was amended in 2010 to increase the statute of limitations to five years, but this change does not revive a previously barred claim. *Cabrera v. Countrywide Home Loans, Inc.*, No. C 11–4869 SI, 2013 WL 1345083, at *4 (N.D. Cal. Apr. 2, 2013); 15 U.S.C. § 1691e(f) (2010).

6

1 rather than relying on generalities.'" *Pedersen v. Greenpoint Mortg. Funding, Inc.*, __ F. Supp.
2 2d __, 2012 WL 4510854, at *5 (E.D. Cal. Sept. 30, 2012) (quoting *Abels v. Bank of America*,
3 N.A., No. 11–CV–208 YGR, 2012 WL 691790, at *3 (N.D.Cal. Mar. 2, 2012)). Plaintiffs have
4 alleged only that they were "not sophisticated enough" and so had no reason to believe there had
5 been any violations. This is not sufficient support for a claim of equitable tolling.

      B. Breach of Contract

Plaintiffs allege that they asked Bank of America to provide a certified copy of the original note to insure that the Bank had properly purchased the note, but that Bank of America refused to comply with their request. ECF No. 21 ¶ 23. Defendants argue that this claim has nothing to do with a contract or its breach. In opposition, plaintiffs argue that under RESPA, a loan servicer must respond to certain inquiries. Neither of plaintiffs' theories is viable.

"'A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.'" *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010) (quoting *Careau & Co. v. Sec. Pacific Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990) (emphasis omitted)). There are four requirements for the formation of a valid contract in California: (1) parties capable of contracting; (2) their mutual consent; (3) a lawful object; and (4) sufficient consideration. *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.*, 520 F. Supp. 2d 1184, 1193 (N.D.Cal. 2007) (citing CAL. CIV. CODE §§ 1550, 1565). Plaintiffs' complaint suggests neither that a contract was formed nor that, once formed, it was breached. Nor does it appear that this claim – that they asked defendant to provide some information and defendant refused – can be amended to state a breach of contract claim.

Under 12 U.S.C. § 2605(e)(1)(A), "[i]f any servicer of a federally related mortgage loan receives a qualified written request [QWR] from the borrower ... for information

7

relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days .... unless the action requested is taken within such period." After receiving a QWR, a servicer must either make "appropriate corrections in the account of the borrower" or, after conducting an investigation, explain why the servicer believes the borrower's account is correct or why information responsive to the request is not available, and then refer the borrower to a person who may provide assistance to the borrower. 12 U.S.C. § 2605(e)(2). To state a RESPA claim for the failure to respond to a QWR, a party must allege that he was damaged as the result of the servicer's failure to respond. *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E. D. Cal. 2010). A letter or request that does not relate to the servicing of the loan is not a QWR. *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667-68 (9th Cir. 2012). Courts have held that a request for a copy of the note is not a QWR under RESPA. *See, e.g., Barocio v. Bank of America, N.A.*, No. C 11–5636 SBA, 2012 WL 3945535, at *7 (N.D. Cal. Sep. 10, 2012); *Lindsey v. Meridas Capital, Inc*., Civil No. 11–00653 JMS/KSC, 2012 WL 488282, at *5 (D. Haw. Feb. 14, 2012). Defendants' response to plaintiffs' request for a certified copy of the note does not establish a RESPA claim, nor could it.

C. Injunction

As plaintiffs' request for injunctive relief is based on the viability of their other claims, it too must be dismissed.

In seeking to file a first amended complaint plaintiffs suggested they could cure the problems in the original complaint. They have not done so and it does not appear they will be able to save the complaint by further amendment. The court declines to grant them leave to amend. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

/////

/////

/////

/////

IT IS THEREFORE ORDERED that:

1. Defendants' motion to dismiss, ECF No. 23, is granted; and

2. This case is closed.

DATED: June 14, 2013.

_____
UNITED STATES DISTRICT JUDGE